W. F. Allen, J.
 

 By statute, authority is conferred upon surrogates to appoint guardians for minors, to remove them, and to direct and control their conduct and to settle their accounts as provided by law. (2
 
 R. S.
 
 220, § 1.) By other provisions of law, guardians may, upon the arrival of their wards at full age, or upon their removal or resignation of their trust, be cited and compelled to account before the surrogate by whom they have been appointed, in the same manner as administrators; and such accounting may be had as well at the instance of the guardian as of the ward, or any relative of the ward, or a new guardian who may have been appointed; and appeals may be taken from the final order of the surrogate in the settlement of a guardian’s account to the supreme court, as in the case of administrators. (2
 
 R. S.
 
 152, §§ 11,13.
 
 Laws of
 
 1837,
 
 ch.
 
 460, §« 50, -54.)
 

 It was the intent of the legislature, in conferring this jurisdiction upon surrogates, to provide an inexpensive and summary process for the settlement and adjustment of the accounts of guar
 
 *320
 
 dians, and to supersede the necessity of a resort to the court of chancery for that purpose. In other words, for all the purposes of settling accounts between guardians and wards, and finally adjudicating thereon, the surrogate’s court was invested with all the jurisdiction which had before been exercised by the court of chancery, to be exercised, however, in the cases and in the manner prescribed by statute; and while surrogates’ courts can only exercise the jurisdiction expressly conferred upon them, the statutes being remedial and for the advancement of justice, should receive a favorable construction, and such as will give to them the force and efficiency intended by the legislature.
 
 (People
 
 v.
 
 Pelham,
 
 14
 
 Wend.
 
 48.) If the powers of the surrogate should be restricted to requiring the guardian to render an account of his doings,- which may in a limited sense be held to be an accounting, or if it should be held that the surrogate is invested with power to examine the account rendered, allow and disallow items, and finally adjust and settle the same, and strike a-balance, without power to decree the payment of such balance, the remedy will come far short of that afforded by the court of chancery, and the legislature will have failed to provide the substitute they designed. The parties pursuing will be compelled to resort to another court by an independent action, to obtain the relief which before would have been had in one action. The chancellor, in
 
 Skidmore
 
 v.
 
 Davies,
 
 (10
 
 Paige,
 
 316,) says, it is a matter of course to require a guardian, upon his removal, to account and to
 
 pay over
 
 the balance, if any, which shall be found in his hands upon such accounting; and he is speaking of proceedings in surrogates’ courts. The accounting to which a guardian may be subjected, by proceedings before the surrogate, is not only a statement of his receipts and disbursements with the amount of the trust fund still remaining in his hands, but it is, in addition to such account stated, a rendering and giving up to the party «entitled of the moneys and property in respect to which the accounting party is liable. ' The payment is a part of the accounting. An officer or trustee could not be said to have accounted to his government, superior officer or
 
 cestui que trust,
 
 in
 
 *321
 
 respect to Ms office or trust, who should state a just account of the moneys in his hands, and which he ought to pay, but which he should nevertheless neglect or refuse to pay. The bond of a guardian is conditioned that he will in all things discharge the duty of a guardian to the minor, according to law, and that he 'will render a true and just account of all moneys and property received by him, and of the application thereof, and of his guardianship in all respects, to any court having cognizance thereof, when thereunto required. (2
 
 R. iS.
 
 151, § 8.) And it would hardly be claimed that the refusal to pay over an ascertained balance, would not be a breach of this condition. It was not necessary to provide in terms for a final decree, as was done in the case of administrators and executors in respect to creditors, legatees and distributees, for the reason, that none but the pursuing party would be entitled to any part of the moneys which might be found due from the accounting party; but if express authority to make a final decree should be necessary, the statute authorizing such decree in the case of administrators is by reference incorporated into, and made a part of the statute regulating the settlement of the accounts of guardians. The entire statute in respect to the settlement of the accounts of executors and administrators including the final decree is remedial, and so far as applicable regulates corresponding proceedings in behalf of or against guardians. The law of 1837,
 
 (ch.
 
 460, § 63,) authorizing the docketing of any decree which may be made by a surrogate for the payment of money'by a guardian, and an execution to be issued thereon, is a strong expression of the legislative opinion of the power of the surrogate to make such decree, for it assumes that the power exists. The surrogate has authority to compel the guardian to account, wMch includes the payment of any sum which may be found in his hands, and necessarily implies power to make the necessary order or decree in the premises, and this aside from the general power to control and direct the conduct of guardians. The accounting is incomplete until payment of the money, and the whole is a “process” which may be enforced by attachment, to be issued by the surrogate under
 
 *322
 
 2
 
 R. 8.
 
 221, § 6. I cannot doubt that the final order or decree of the surrogate upon an accounting, from which an appeal may be "taken, is a decree striking the balance and directing the payment of any amount found to be in the hands of the guardian, and for non-compliance with which an attachment may be issued. Trust moneys and property being kept entirely separate from the individual money and property of the guardian, and ready to be delivered at any time, it was fit and proper, that disobedience of an order of a court of competent jurisdiction requiring this, should be' treated as a contempt, and punished as such.
 

 In contemplation of law, the trust fund at all times remains in specie or invested as required by law, and the money or the proper securities are or should be in a situation to be delivered over at once; and hence an order or decree directing this to be done, is not like an ordinary judgment for a given amount, in an action at law, which can properly be enforced only by the ordinary process of execution.
 

 The attachment in this case is a substantial compliance with the statute. It is in form similar to that used by the court of chancery in analagous cases. (2
 
 R.' 8.
 
 221, § 6.) It specifies the act or duty to be performed and the expenses to be paid. (2
 
 R. 8.
 
 538, § 24.)' It was issued in a matter and recited proceedings over which the surrogate had jurisdiction, and it is not necessary that the process should recite all the proceedings. The cause is substantially stated, which is sufficient.
 
 (People
 
 v.
 
 Nevins,
 
 1
 
 Hill,
 
 154.) If there was a jurisdictional defect in the proceedings, it should be shown by the party complaining of them.. The process, upon its face setting out a substantial cause of commitment in a matter or proceeding of which the surrogate had jurisdiction,
 
 -was prima facie
 
 a protection to- all concerned in the arrest. '
 

 The judgment of the supreme court must be affirmed, with costs.
 

 Denio, Johnson, Parker, Edwards and Selden, Js., concurred in the foregoing opinion.
 

 
 *323
 
 Gardiner, 0. J., delivered an opinion in favor of reversing the judgment of the supreme court, and rendering judgment for plaintiff on the demurrers.
 

 Rüggles, J., did not hear the argument, and took no part in the decision.
 

 Judgment affirmed.