THEODORE SALTUS, Appellant, v. FRANCIS H. SALTUS and FRANCIS S. SALTUS, an infant, Respondents.

(GENERAL TERM, FIRST DISTRICT, APRIL, 1870.)

An executor who has paid the principal of a trust fund to a legatee entitled to an annual payment of its income only, though not allowed on his accounting to credit himself with the payment as a payment of principal, cannot, it seems, be required to pay over again interest upon such principal.

But on appeal from a surrogate's order, directing the investment, with interest, of money so paid, if the petition of appeal specify as the sole ground of appeal, error in a certain other recited portion of the order, the error will be disregarded, and the order, if otherwise proper, affirmed.

The surrogate, having made an order directing an executor to pay moneys in accordance with a decree entered upon his accounting, may, if he neglects to comply with the order, and although it does not appear that execution has been issued on the decree, arrest the executor by attachment. On return of the attachment, the executor may show cause against his commitment.

The remedy against a surrogate's *ex parte* order is, it seems, by motion to the surrogate, and not by appeal.

APPEAL from an order of the surrogate of New York city and county.

The will of Francis Saltus, deceased, dated February 3d, 1854, devised and bequeathed the rest, residue and remainder of his estate to his executors, in trust among other purposes, to pay over to the testator's son, Francis H. Saltus, the income of one-eighth part thereof annually during his life, and afterward to pay and deliver the principal to Francis S. Saltus, the testator's grandson.

Theodore Saltus, the appellant, one of the executors, paid to the said Francis S. the sum of $7,000, being an eighth part of the testator's residuary estate; but on his accounting as executor before the surrogate the payment was disallowed, and the decree thereupon entered, bearing date November 14th, 1857, provided in that respect, as follows: "7th. That the principal sums appearing in said account to have been paid to Francis H. Saltus were improp-

erly paid to him, such payments not being authorized by said will, and that the executor, Theodore Saltus, is primarily liable therefor."

This decree having been affirmed on appeal, and a remittitur filed, the surrogate on the 27th May, 1868, ordered the appellant to deposit the amount so disallowed with interest from November 14th, 1857, in the Union Trust Company, within three days after service of a copy of the order, or in default thereof that an execution issue upon the judgment docketed against him.

The appellant appealed also from the last order. It was affirmed by default, and on filing a remittitur the surrogate on the 25th January, 1869, ordered " * * * that said Theodore Saltus deposit said moneys in said Union Trust Company within three days from the date of the service of this order, or that an attachment issue."

The appellant then took this appeal from the part of the order of 25th of January, above recited, complaining in his petition of appeal, that said part of such order was erroneous "so far as it orders the issuing of an attachment, and that your petitioner is injured and aggrieved thereby." The appeal was heard upon the above recited orders, and on the proceedings on this and the preceding appeal.

*A. J. Vanderpoel,* for the appellant, cited *The matter of Latson* (1 Duer, 696), *Hosack* v. *Rogers* (11 Paige, 603), *Doran* v. *Dempsey* (1 Bradf., 490).

*D. A. Hulett,* for F. H. Saltus.

*C. A. Price,* guardian *ad litem,* for F. S. Saltus.

Present—INGRAHAM, CARDOZO and BARNARD, JJ.

By the Court—INGRAHAM, P. J. The order appealed from directed the executor to deposit in the Trust Company the sum of $7,000, with interest from 14th November, 1857,

Saltus *v.* Saltus.

upon the ground that the same had been improperly paid to Francis II. Saltus, and should have been invested pursuant to the directions of the will, or that an attachment issue. The original order disallowed the item of $7,000 charged as paid to Francis II. Saltus, as not authorized to be paid to him, and directed that such moneys should be invested, and decided that the executor was primarily liable therefor.

. That order was affirmed by this court and the Court of Appeals.

On filing the remittitur, the surrogate ordered the executor to deposit the amount, with interest, in the Trust company.

The will of the testator directed the executors to pay to Francis II. Saltus, the interest, rents, issues and profits of one-eighth part of the residuary estate during his natural life, and on his death directed the principal to go to his heirs.

I am at a loss to see upon what ground the surrogate ordered the interest to be paid by the executor, if it had been received by the party entitled to it under the will, Francis II. Saltus. He had received the principal improperly and the executor was held liable for it, but that did not make him liable, for thirteen years intere t which had been received by the legatee under the will, to whom it was to be paid.

The difficulty about this point, as urged by the appellant's counsel, is that the petition of appeal does not state this as a ground of appeal.

The petition states that the order appealed from is erroneous, so far as it orders the issuing of an attachment, and the improper allowance of interest is not appealed from.

In regard to the power of the surrogate to order an attachment to issue, the tenth section of title 1, ch. 2, part 3 of Revised Statutes, vol. 3, p. 364, is full upon this subject.

That section authorizes the surrogate to enforce all lawful orders and decrees of his court by attachment against the persons of those who shall neglect or refuse to comply with such orders and decrees. (*Seaman* v. *Duryea*, 11 N. Y., 324.) For the purposes of this appeal we must consider this order as a lawful order of the surrogate, and there is no good rea-

son why he should not have power to enforce obedience thereto.

The case of *Doran* v. *Dempsey* (1 Bradf., 490), holds that if the executor is unable to pay, he will not be imprisoned, unless the act complained of was fraudulent or the party willfully refuses to pay what he has the means of paying, because the creditor can have an execution. These questions do not arise on this appeal. When the appellant is arrested on the attachment he will have the opportunity of showing any reasons why he should not be committed. At present we have no knowledge of the merits, and there is nothing in the papers from which such knowledge can be obtained.

It is suggested that the order was *ex parte*. If so, the remedy is not by appeal, but by motion to the surrogate, and upon the question of payment of the interest, we think there is good ground for making such motion if the appellant has not, by delay, deprived himself of the right to do so.

The order appealed from must be affirmed.

Ordered affirmed.