GEORGE DUNFORD, Respondent, *v.* FREDERICK G. WEAVER, Sheriff, etc., Appellant.

Under the provision of the Code of Civil Procedure (§ 426, sub. 3), which authorizes the service of a summons in an action against a sheriff by delivering it at his office during office hours to his deputy, clerk or other person in charge; when a sheriff has an office in the city or village where the County Courts are held, delivery of a summons at such office to a person in charge is a good service, although the sheriff has omitted to file a notice of the place in the county clerk's office, as required by the statute (2 R. S. 285, § 55); he cannot, by omitting to file notice, debar a suitor of the right to serve a summons, as provided by the Code.

Where a summons was served upon a sheriff by delivery to his deputy at his office, *held*, that an omission to prove the filing of notice on the trial, if required, was cured by the bringing of the notice to the General Term, on appeal from judgment against the sheriff.

An omission in proof of a matter of record may be supplied on appeal to sustain a judgment, where the record cannot be answered or changed.

Under the provision of the act of 1867 (§ 8, chap. 782, Laws of 1867) in relation to Surrogates' Courts, authorizing a surrogate, when an executor or administrator has been compelled to account, to charge him personally with the costs of the proceeding, a surrogate has power to charge an administrator personally with fees of an auditor appointed in such proceeding to examine his accounts.

Where an action is brought against a sheriff for an escape, he cannot set up an error in the process under which the arrest was made which renders it simply voidable, not void.

Where a surrogate has made a decree for the payment of money by an administrator, he may enforce the performance of it by attachment. (2 R. S. 221, § 6, sub. 4.)

It is not needed that the process to attach should recite all the facts and proceedings necessary to confer jurisdiction; it is sufficient if on its face it appears to have been issued in a proceeding in which the surrogate had jurisdiction, states in substance the cause for arrest, and specifies the act or duty to be performed.

Where an attachment against an administrator directed the collection of interest on the decretal sum named in it, *held*, that, conceding the surrogate had no power to direct the collection of interest, such direction in the attachment did not vitiate it *in toto*.

Where a sheriff is sued for an escape from custody under such an attachment, the plaintiff is entitled to recover the damages sustained by him (Code of Civil Procedure, § 158), to wit : the sums awarded to him by the surrogate's decree, with interest from its date.

The complaint, in an action against a sheriff for an escape under an attachment of a surrogate, alleged that defendant wrongfully permitted the debtor to escape ; no proof of assent or knowledge was given on the trial. *Held*, that a motion for a nonsuit, because of failure to prove such averment, was properly denied, as under the provision of the Code of Civil Procedure (§ 158) in reference to such actions, it was immaterial whether the escape was through negligence or voluntary on the part of the sheriff ; an averment and proof that the debtor was at large beyond the liberties was sufficient.

In such an action the fact of the insolvency of the debtor is no defense.

The administrator gave a bond as such ; one of the creditors furnished money wherewith to buy up the claims against the administrator, which on payment were assigned to plaintiff. *Held*, that this was not a payment and extinguishment of the claims.

Two attachments were issued by the surrogate and arrests made before said Code went into effect ; the escape occurred thereafter ; it was claimed that the provision of the Code did not apply. *Held* untenable, as the cause of action was, not the issuing of process and arrest, but the escape.

(Argued February 10, 1881 ; decided March 8, 1881.)

APPEAL from judgment of the General Term of the Supreme Court, in the fourth judicial department, entered upon an order made the second Tuesday of June, 1880, which affirmed a judgment in favor of plaintiff, entered upon a verdict. (Reported below, 21 Hun, 349.)

This action was against defendant, as sheriff of the county of Oneida, for an alleged escape of one John Tillinghast, who had been received into his custody, under four several final precepts or mandates issued by the surrogate of Oneida county, in a proceeding originally commenced by John Boyle, as a creditor of one Ross Taylor, deceased, and of whose estate the said John Tillinghast had been appointed administrator, with the will annexed.

One Matthew M. Parker, a surety on the bond of the said John Tillinghast, as such administrator, had presented his application to the surrogate, setting forth that he desired to be relieved from responsibility for the further acts or defaults of the said John Tillinghast, as such administrator, and Tillinghast had been cited to appear before said surrogate and give new sureties; he appeared, in pursuance of the citation, but neglected to give new sureties, whereupon the letters of administration were revoked by the said surrogate. The application of Boyle was made for the purpose of compelling an account of the said Tillinghast, as late administrator. Pending this proceeding, Tillinghast filed with the surrogate a petition for a general accounting, and the same was referred to an auditor, to examine and report thereon. The auditor made and filed his report, which was affirmed by the surrogate, and a final decree made, whereby Tillinghast, as such administrator, was personally charged with certain moneys shown to be in his hands. On the footing of this decree, four precepts were issued to defendant, the sheriff of Oneida, in favor of four creditors of the deceased, for the several sums found to be due them, and reciting the said final decree, that the said sums had been personally demanded of Tillinghast, and that he neglected and refused to pay the same; they respectively commanded the sheriff that he take the body of said Tillinghast, if found in his bailiwick, and commit him to the common jail of his county, and detain him in his custody until he should pay the several sums named in the several precepts. These amounts were indorsed on the precepts, respectively, with directions to collect the same with interest and costs. By virtue

thereof, defendant arrested said Tillinghast, and took from him bail for the jail limits. The complaint alleged that defendant wrongfully permitted the escape. On the trial, the plaintiff, after proving the decree made by the surrogate, and also the four precepts with the return of the sheriff thereon, and proving the extent of the jail limits for Utica, gave proof tending to show that on the 23d of August, 1879, the said Tillinghast went beyond the jail limits, and that this suit was commenced before his return to the limits.

The action was commenced by delivery of the summons to the sheriff's deputy and clerk, in a room claimed to be the office of the sheriff, under subdivision 3 of section 426 of the Code of Civil Procedure. The sheriff was called by the plaintiff as a witness and testified that the place where the service was made was his official office. It did not appear on the trial that a notice designating his office had been filed with the county clerk. Upon the argument of the appeal at General Term, plaintiff produced a duly certified copy of the notice as filed.

The further material facts appear in the opinion.

*C. D. Adams* for appellant. A suit against the sheriff must be actually commenced while the prisoner is off the limits. (3 R. S. [6th ed.] 722, § 85; Crocker on Sheriffs, § 592; new Code, §§ 160, 161, 171.) The sheriff must have an office. He must designate it by filing a notice in the county clerk's office. If no notice is filed, the county clerk's office is his office. (Crocker on Sheriffs, § 23; 3 R. S. [6th ed.] 447, §§ 44, 46.) Before the new Code was amended in 1879, a suit could only be commenced against the sheriff by personal service of the summons. (16 Abb. [N. S.] 396; new Code (original act), § 426, sub. 3.) The surrogate's decree was void; he had no jurisdiction of the proceeding, and the process under it was void; this is a good defense to the supposed escape. (2 Abb. Dig. 786, No. 74; 1 Hill, 118; 7 id. 35; 1 Keyes, 510.) A creditor can only call to account the executor or administrator actually in office. (2 R. S. 92, § 522; art. 3, title 3, ch. 6, part 2 [6th ed.],

3 R. S. 99, § 63; R. S. § 82 [5th ed.], §§ 68, 69, 83; Laws of 1837, ch. 460, p. 524, § 36; Dayton on Surr. [3d ed.] 650; Redf. Law and Pr. 365; ch. 229, Laws 1862.) The surrogate had no power to charge Tillinghast personally with auditor's fees, they must be paid out of the estate. (3 R. S. [6th ed.] 102, § 78; 2 id. 94, § 64.) The surrogate had no power to decree that, personally, Tillinghast " also pay the sum of $150, as payment toward the costs of such compelled accounting and proceedings." (8 Weekly Dig. 544, Ct. Appeals; 52 N. Y. 661; 26 id. 441; 1 Barb. Ch. 91; 39 Barb. 172.) Unless the surrogate acquire jurisdiction of the subject-matter, there can be no valid decree. (6 Paige, 95–98.) Where there is jurisdiction of the subject-matter, appearance, consent or waiver will add jurisdiction of the person but consent will not cure want of jurisdiction of the subject-matter. (3 Cai. 129; 1 Hill, 343; 3 Com. 9; 2 Ker. 156; 47 N. Y. 67–72; 49 id. 303–309; 4 Keyes, 136–150; 42 N. Y. 317–327.) If the decree was void, there could be no contempt in disregarding it — no attachment to enforce it; that can only be done in case of lawful orders. (45 Barb. 344, 346; 3 R. S. [6th ed.] 327, § 10, sub. 4; 2 R. S. 222, § 6.) The complaint is for a voluntary escape. (3 Johns. Cas. 73; 4 Bosw. 391–403, 404.) Tillinghast was lawfully upon the limits if the decree and attachments were valid. (5 Lans. 466; 69 N. Y. 536; 18 Hun, 64.) No action of debt can lie in this case; Tillinghast was not arrested " in execution in a civil action." (3 R. S. [6th ed.] 722, § 84; 2 id. 437, §§ 83, 84.) The only action maintainable is " an action of trespass on the case to the extent of the damages sustained by him." (3 R. S. [6th ed.] 722, § 83; 2 id. 437, § 62; 3 Abb. Pr. 86.) The plaintiff may elect to proceed under the statute, when his case is within it, or at common law for damages; when he has elected, he is bound by his election. (17 Wend. 543; 15 Abb. 113, affirming 10 id. 12; 31 N. Y. 255, 257; 44 id. 162, 165; 4 Bosw. 391; 3 R. S. [6th ed.] 722, § 84; 4 Bosw. 391, 401; 3 R. S. [6th ed.] 839, § 4.) The new Code does not change the law as to proceedings in Surrogate's Court. (New Code, §§ 151–171.) The rights and liabilities, claims and demands of the sheriff, prisoner

and plaintiff were fixed, when these arrests were made. They cannot be enlarged by any subsequent change in the law. (New Code; *Randall* v. *Sackett*, 77 N. Y. 480.)

*S. M. Lindsley* for respondent. This action is authorized by section 158 of the Code of Civil Procedure. (Code of Civ. Proc., § 481, subd. 2.) Even if the complaint did allege a voluntary escape, it would be of no avail to the defendant, for "if the allegation is a voluntary escape, a negligent escape may be proved." (3 Wait's Actions and Defenses, 226; *Skinner* v. *White*, 9 N. H. 205.) The service of the summons proved was in strict compliance with the provisions of the statute. (Code of Civ. Proc., § 426, subd. 3, as amended in 1879; 4 Wait's Pr. 232.) Upon a creditor's petition a surrogate can compel a removed administrator to account, and in that proceeding can make a decree directing him to pay money found in his hands over to creditors. (*Gerould* v. *Wilson*, 22 Alb. L. J. 353; 10 N. Y. Weekly Dig. 563; 2 R. S. 92, § 52; id., 95, § 91; Laws of 1837, § 36, chap. 460, as amended by § 10, chap. 229, Laws of 1862.) The precept or mandate being regular on its face the sheriff was bound to execute it. (*Hutchinson* v. *Brand*, 9 N. Y. 210.) The defendant, the sheriff, cannot avail himself in an action for an escape, of any error in the decree or in the process issued to enforce it. (*Cable* v. *Cooper*, 15 Johns. 155; *Jones* v. *Cook*, 1 Cow. 309; *Hinman* v. *Brees*, 13 Johns. 529; *Bissell* v. *Kip*, 5 id. 89; 8 Cow. 192.) Plaintiff was entitled to recover interest. (*Hodges* v. *Cooper*, 43 N. Y. 216; *Chouteau* v. *Suydam*, 21 id. 185; *Sears* v. *Conover*, 3 Keyes, 113; 78 N. Y. 393–400; *Dininny* v. *Foy, Sheriff*, 38 Barb. 18; *Townsend* v. *Whitney*, 75 N. Y. 425; 15 Hun, 93.) Evidence of the prisoner's insolvency was properly excluded. (Code of Civ. Proc., § 158; *McCreary* v. *Willett*, 23 How. 129; *Barnes* v. *Willett*, 35 Barb. 514.)

Folger, Ch. J. 1st. It is contended by the defendant that there was not a service of the summons in this case, while the debtor was off the jail liberties. What-

ever was done toward a service was done while the debtor was beyond the liberties. The act relied· upon by the plaintiff as a service, was the delivery of the summons to a deputy and clerk of the defendant at a room, which was, in fact, the office of the defendant as sheriff. The Code, section 426, subdivision 3, makes that a good service, if that room was the office of the defendant as sheriff, in view of law. It is the duty of the sheriff to keep an office in the city or village in which the County Courts are held· and that he shall notify of the place by filing notice in the county clerk's office. (2 R. S. 285, § 55.) No proof was given on the trial that the defendant had filed a notice; but, as above intimated, he did, in fact, in that room, keep an office that met the view of the statute. Thus it appeared that he, in part, did the duty the law put upon him. He kept an office. If the other part of the duty was left undone, that would not undo that which he had done. There was still the office kept as bidden by the statute. Had it been shown that he had filed a notice of some other room or place, as his office under the statute, it might well be said that the room at which the summons was left was not the office. But keeping that room as his office, he cannot, by omitting to file notice thereof, debar a suitor of his right to serve a summons upon him by leaving it there. That would be to take advantage of his own breach of duty. The filing of notice is not needed or required to make the room the office. It is to give the public to know that it is the office. It is made the office by the act of the sheriff. The notice is but the making known of the act. And the omission of notice does not undo the act, or shield the sheriff from the effect of it. We think that the summons was shown to have been lawfully served.

Besides that, the bringing of the notice to the General Term cured the omission at the trial, if there was one. To sustain a judgment, an omission in proof may be supplied on appeal, if matter of record will do it that cannot be answered or changed.

2d. It is contended that the decree of the surrogate was void

for want of jurisdiction. And first, it is said that there was no power to charge the administrator personally with the auditor's fees, and that they must be paid out of the estate. So, indeed, is the provision of the Revised Statutes (2d vol. 94, § 64), if that stood alone. That section gives authority to appoint auditors and to pay them out of the estate. But there is another provision of statute enabling a charge of their fees elsewhere. The Laws of 1867 (chap. 782, § 8) provide that an administrator, compelled to render an account, may be charged personally with the costs of the proceeding. The sum of $150, charged against the administrator personally, toward the costs of the proceeding, falls within the same statutory provision.

3d. It is claimed that the process by which the debtor was arrested is void. The particular in which it is said to be so is that collection could be made only by a precept, under 2 R. S. 535, § 4, and that it could not issue until proof by affidavit of a personal demand of the money and a refusal to pay it. The process in the case in hand recites that the Surrogate's Court has been informed that a personal demand has been made and refusal given. If the process is erroneous, it is voidable only, and not void, and such defects the sheriff cannot set up. (*Cable v. Cooper*, 15 Johns. 155.) But where a surrogate has made a decree for the payment of money by an administrator, he may enforce the performance of it by attachment. (2 R. S. 221, § 6, subd. 4; *Seaman* v. *Duryea*, 11 N. Y. 324.) It is not needed that the process to attach should recite all the facts and proceedings necessary to confer jurisdiction; as it is enough if on its face it appears to have been issued in a proceeding in which the surrogate had jurisdiction, and states in substance the cause for arrest and specifies the act or duty to be performed. (Id.)

4th. The attachment issued by the surrogate directed the collection of interest on the decretal sums named in it. It is urged that the surrogate had no power to direct the collection of interest. If it be granted that he had not, the insertion in the attachment of a direction to collect interest did not vitiate the process *in toto*. The commands to collect the principal

sums and the interest on them were easily separable, and the error would not render the process void. When the sheriff is sued for an escape from custody on that process the question is changed, and it is what may the plaintiff recover of the defendant? Every judgment shall bear interest from the time of perfecting the same. (Laws of 1844, p. 508, chap. 324, § 1; old Code, § 310; new Code, § 1211.) This means, every determination of a court awarding a sum of money to one party, to be paid by another party. By virtue of those provisions of law the decree of the surrogate bore interest from its date. The parties interested in it were entitled to have from the debtor the sums awarded to them and interest thereon. If such debtor, in custody of the sheriff, goes beyond the liberties of the jail without the assent of the party, the sheriff is answerable to the extent of the damages sustained by the party. (New Code, § 158.) *Prima facie*, that extent is what the party could have exacted of the debtor; and that is the sum awarded, with interest. If the plaintiff had cause of action against the defendant, he was entitled to the verdict for the principal sum and interest.

5th. It is further urged that the complaint avers that the defendant wrongfully permitted the debtor to escape and go at large out of his custody. There was no proof that the defendant was assenting to or knowing of the going off the liberties by the debtor. The proof is that the defendant was away from the liberties, and that the transgression of the debtor was but little more than momentary, for a short distance, and without the knowledge of the sheriff. It is now urged that the complaint is for a voluntary escape, which the proofs do not make out, and that the motion for a nonsuit, based upon that ground, should have been granted. If the old rules of pleading and the old distinctions of causes and kind of action still maintained, this might be so. But the former have been for some time supplanted, and the last Code brings into one phrase all causes of action for an escape. Its language is: " Where a prisoner, in a sheriff's custody, goes or is at large beyond the liberties of the jail, without the assent of the party at whose

instance he is in custody, the sheriff is answerable therefor in an action against him." (§ 158.) The cause of action is simply the going or being at large beyond the liberties. Whether negligently or voluntarily on the part of the sheriff matters not, either with the cause of action or the form of it. The existence of that fact gives the right to an action. If the complaint fully apprises the defendant that such is the cause of action relied upon, it is enough. It does here.

6th. It is claimed that the fact of the insolvency of the debtor is a defense to the sheriff. This was so at common law, perhaps. (*Patterson* v. *Westervelt*, 17 Wend. 543.) Here, again, we are under the Code, § 158, subd. 2 : " If the prisoner was in custody by virtue of any other mandate, after judgment, the sheriff is answerable for the debt, damages or sum of money for which the prisoner was committed." The facts of the case bring it within this clause.

7th. The debtor gave a bond as administrator. Parker was one of the sureties. It seems that a creditor of the estate got judgment on the bond against Parker. Parker furnished money to his counsel, with the understanding and for the purpose of buying the claims against the administrator, and on the payment of the money the claims were assigned to the plaintiff in this action. On that state of facts the defendant moved for a nonsuit, on the ground that the claim was extinguished; and we think that the nonsuit was properly refused. The defendant also requested the court to leave it to the jury whether Parker paid the claims of any of them before they were assigned, and to direct the jury that if they so found, that as to such claims the decree was satisfied. We think that the testimony is too plainly, to the result, that the purpose and action of Parker was to obtain an assignment of the claims, and not to pay them, to warrant a verdict otherwise.

8th. Two of the attachments were issued and two arrests made before the new Code. · It is claimed that it does not apply to those cases. But the issuing of process and the arrests were not the cause of action. The going off the liberties gave the right of action. That arose after the new Code.

This is a hard case for the defendant. We would not have been sorry had we found that he had a legal defense to this action, and a point well taken for a new trial. We have found none.

The judgment should be affirmed.

All concur, except RAPALLO, J., absent.

Judgment affirmed.