In the Matter of the Assignment of GUSTAV RADTKE *et al.* to HARVEY T. CLEVELAND for the Benefit of Creditors.

(Decided December 4th, 1882.)

An assignee for the benefit of creditors, who fails to comply with an order of the court directing the payment by him as assignee of a sum of money generally, and not out of any specific fund, is not punishable therefor as for a contempt.

APPEAL from an order of this court denying a motion to punish, as for a contempt, an assignee under a general assignment for the benefit of creditors.

In April, 1880, a motion was made by Erastus H. Benn upon a petition, for an order to compel Harvey T. Cleveland, as assignee of Gustav Radtke and Albert Luscher, to pay the sum of $250, which motion was denied. An appeal having been taken to the General Term of this court, the said order was reversed with costs, and an order was made directing the said Harvey T. Cleveland as such assignee to pay to Erastus H. Benn, the petitioner, within seven days of the service of the order, the sum of $250, from the funds in his hands or obtained or received by him, as assignee of Gustav A. Radtke and Albert Luscher, together with the costs and disbursements of the motion.

An appeal being taken to the Court of Appeals by Cleveland from this order the same was affirmed, and Benn having made a demand for the amount due under the order, upon Cleveland, on the 23rd of June he made a motion to punish Cleveland for contempt for his refusal to obey the said order of the General Term, which motion was denied by the court upon the ground that the court had no power in this proceeding to punish for contempt ; and from such order this appeal is taken.

*E. H. Benn,* in person.

*D. C. Birdsall,* for the assignee.

VAN BRUNT, J.—[After stating the facts as above.]—No case has been cited by the counsel for the appellant to support the view which he has taken as to his rights under the order of the General Term, except those in which a receiver has been attached for contempt in refusing to obey the orders of the court. The rights of the court over an assignee are entirely different from that which it has over a receiver. A receiver is an officer of the court; he is bound to obey its orders, and he is the servant of the court, and when he takes upon himself the duties of receiver, he obligates himself to obey all such orders, and the court has a right, when one of its own servants refuses to obey its proper orders, to enforce them by punishing the offender as for a criminal contempt.

The authority of a court over an assignee is entirely different. It has no greater authority to punish, for a failure to conform to its orders, an assignee, than it has to punish a trustee for his failure to comply with the judgment of the court. The jurisdiction of this court over trustees is precisely the same as the jurisdiction of all courts of equity jurisdiction over trustees.

This court undoubtedly possesses peculiar jurisdiction over the trusts of assignees, but such jurisdiction is not exclusive and is especially conferred by statute. Where in the cases of ordinary trustees jurisdiction is acquired by action, and by action only, in respect to assignees jurisdiction is expressly conferred by statute upon this court by petition, and having acquired jurisdiction over the assignee its right to enforce its judgments and orders is no greater than that of any other court which has competent jurisdiction over a trustee upon a bill filed. Therefore, unless it can be shown that this court has power to proceed to adjudge a trustee to be in contempt, and to punish him for such contempt in case of his refusal to abide by the order or judgment of the court, the refusal to punish the assignee in this case was proper.

There have been cases where, an order having been made upon a trustee in respect to some specific property which the trustee has in his possession, and which order the trustee has wilfully disobeyed, he has been punished for a contempt,

Matter of Radtke.

but I have been unable to find any case in which a trustee having been directed to pay generally out of funds in his hands, has been adjudged guilty of contempt because of failure to comply with the order.

It is urged upon the part of the appellant, that the case of *Watson* v. *Nelson* (69 N. Y. 536) sustains the position which he has taken upon this appeal. An examination of that case shows that no proceeding for contempt can be instituted except in the case of a direction against a specific fund or specific property which the trustee has been adjudged to have in his hands. All that was decided in the case of *Watson* v. *Nelson* was whether a decree or order directing a trustee to pay over money could or could not be enforced against the person, and the court held expressly that the disobedience of a decree or order merely directing the payment of money by an executor, trustee or other party was not a contempt.

It is not necessary here upon this appeal to discuss the question as to what should be the procedure of the appellant against the assignee. It is sufficient for the present appeal to say that he has no right because of the refusal of the assignee to obey the order of the General Term appealed from, to have such assignee adjudged to be in contempt, which was the motion made by him.

The order appealed from must be affirmed with costs and disbursements.

BEACH J., concurred.

Order affirmed, with costs.