<hr/>

In the Matter of the Assignment of RILEY A. BRICK to ROBERT CAMPBELL for the Benefit of Creditors.

[SPECIAL TERM].

(Decided November, 1885).

The provision of section 2268 of the Code of Civil Procedure that, for a neglect or refusal to obey an order of the court requiring the payment of a specified sum of money, where the court is satisfied by proof by affi-davit that a personal demand thereof has been made, and that payment

Matter of Brick.

thereof has been refused or neglected, a warrant may issue to commit the offender to prison, applies to an order made by the court, which, after finding that an assignee under a general assignment for benefit of creditors has in his hands a certain amount of money, directs him to pay out of it a certain sum to a preferred creditor; although his refusal is upon the ground that if he complies with the order he may not in the end have money enough to pay all the expenses incident to the trust; the conclusion of the court, after hearing him fully upon the facts, being otherwise.

APPLICATION to compel payment, by an assignee under a general assignment for the benefit of creditors, of a claim preferred in the assignment.

The facts are stated in the opinion.

CHARLES P. DALY, Chief Justice.—If the statutory enactments had remained the same as they were when the Special Term case of Radtke (10 Daly 119), was decided, I should, as a matter of course, follow that case, it being a rule of this court for the judge at Special Term session, unless it has been questioned or reversed by the General Term. After the decision in that case was made, however, the 2268th section of the Code was enacted, which provides that where an order of the court is made requiring the payment of a specified sum of money, and the court is satisfied by proof by affidavits that a personal demand has been made of it, and payment has been refused or neglected, a warrant may issue to commit the offender to prison until the money is paid, or he is discharged according to law.

This provision applies to the present case, and is in no way affected by a decision made before it was enacted. Taking this comparatively recent provision of the Code, in connection with what has been held in *Seaman* v. *Duryea* (11 N. Y. 324), *Baucus* v. *Stover* (89 N. Y. 1) and in the *Matter of Snyder* (34 Hun 302), I am satisfied that the creditor is in this case entitled to the remedy applied for.

The court, after a full hearing, upon due notice to the assignee, has found that he has a certain amount of money in his hands, out of which it has directed him to pay a certain sum to a preferred creditor, and his refusal is based

upon his own conclusions, that if he complies with the order he may not in the end have money enough in his hands to pay all the expenses incident to the trust. The conclusion of the court, after hearing him fully upon the facts, is otherwise, and he must, therefore, either comply with the order made or appeal from it, giving security, it being a direct order requiring him to pay a certain sum of money which he has in his hands belonging to the trust.

Order accordingly.