## In the Matter of VALENTINE MULLER.

*Contempt — commitment therefor — when it is sufficient notwithstanding a failure to recite service upon the relator of the order disobeyed — habeas corpus.*

Valentine Muller was committed for a civil contempt by the order of a court which had jurisdiction of his person and of the subject-matter, but the order did not recite that the original order which he had disobeyed had been served upon him. Muller thereupon took proceedings by writ of *habeas corpus* for his discharge from imprisonment, upon the ground that the failure to show service upon him of the original order was a jurisdictional defect.

Upon an appeal from an order discharging him upon this ground:

*Held*, that the discharge was improper.

That it was not necessary that the process of commitment should recite all the facts and proceedings necessary to confer jurisdiction, it being sufficient when, upon its face, it appeared to have been issued in a proceeding of which the court had jurisdiction, stated in substance the cause of the commitment, and specified the act or duty to be performed and the expenses to be paid.

The distinction between an appeal involving all the proceedings and a proceeding initiated by *habeas corpus*, presenting only the question as to the validity of the commitment upon its face, stated.

APPEAL by Balthazar Schmitt, the plaintiff, in an action in the Court of Common Pleas for the city and county of New York,

against Valentine Muller, as receiver, in which action the said Muller was committed to the common jail of the city and county of New York for contempt under a warrant issued pursuant to an order of commitment of said Court of Common Pleas, from an order of the Supreme Court, entered in the office of the clerk of the city and county of New York on the 21st day of December, 1892, dis- charging said Muller from imprisonment.

The order for commitment was as follows:

| | |
|---|---|
| BALTHAZAR SCHMITT, PLAINTIFF, *against* VALENTINE MULLER, DEFENDANT. | *Order for commitment.* |

A motion coming regularly on to be heard on the order to show cause herein, dated the 22d day of November, 1892, why Valentine Muller, the receiver heretofore appointed in this action, should not be punished for contempt of court for misconduct in the office of receiver, and for willful neglect of his duty as receiver, as set forth in the papers herein; now, on reading and filing the said order to show cause, and the affidavit of Franklin J. Bischoff, verified the 22d day of November, 1892, and affidavit of service of a copy of said order to show cause, and affidavit on Valentine Muller, receiver, and on the order of this court, bearing date the 2d day of September, 1892, duly entered in this action, the order of this court, bearing date the 15th day of September, 1892, and duly entered in this action, and on all the proceedings herein, and after hearing Franklin J. Bischoff, of counsel for plaintiff herein, in support of said motion, and August P. Wagener, Esq., of counsel for said Valentine Muller, receiver, in opposition thereto, it is

*Considered and Adjudged,* That the said Valentine Muller has been and is guilty of the misconduct alleged against him in this proceeding, in having willfully disobeyed the said order of this court, bearing date the 2d day of September, 1892, by failing to pay to the plaintiff or his attorney, Franklin J. Bischoff, the sum of two hundred and seventy and $\frac{55}{100}$ dollars, costs of the reference therein referred to, and in failing to pay into court to the credit of this action within five days after the service upon him or his attorney of a copy of said order, bearing date the 2d day of September, 1892,

the sum of eight hundred and forty-eight dollars and seventy-five cents, pursuant to said order, and that such misconduct was calculated to and did actually defeat, impair, impede and prejudice the rights and remedies of the plaintiff in this proceeding; and it is further

*Ordered and Adjudged*, That the said Valentine Muller be and he is hereby directed to stand committed to the common jail of the city and county of New York, there to remain charged upon said contempt until he shall comply with the said order of this court in this action, dated the 2d day of September, 1892, by the payment into court to the credit of this action of the sum of eight hundred and forty-eight dollars and seventy-five cents, and the payment to the plaintiff or his attorney, Franklin J. Bischoff, the sum of two hundred and seventy dollars and fifty-five cents, together with ten dollars costs of this motion, unless he shall be sooner discharged by the court, and that a warrant of commitment issue to carry this order into effect.

      (Ent.)      H. W. BOOKSTAVER,

                           *J. C. C. P.*

*William C. Clifford*, for the appellant.

*A. P. Wagner*, for the respondent.

O'BRIEN, J.:

The relator applied for his discharge by writ of *habeas corpus*, alleging, amongst other things, that he was held by virtue of a commitment for civil contempt, which did not recite all the jurisdictional facts, and was, therefore, void.

The point suggested, and the ground upon which the relator was discharged was, that the commitment did not recite that the order requiring him to pay the amount specified was ever served upon him, or any demand made upon him to comply therewith. This was held to be fatal, and the relator was discharged.

Upon the return the commitment shows that it was issued by the Court of Common Pleas in a proceeding had to punish the relator for contempt. No question can arise but that the court had jurisdiction of the subject-matter, and of the person of the relator. All the other facts required in the Code are recited; and the question left for determination is, whether the failure to recite the service of the original order in the commitment itself rendered the latter void. We think that this case, in principle, is controlled by that of

*Seaman v. Duryea* (11 N. Y., 324), which, in effect, holds that it is not requisite that the process of commitment should recite all the facts and proceedings necessary to confer jurisdiction; that it is sufficient if, upon its face, it appears to have been issued in a proceeding of which the court had jurisdiction, states, in substance, the cause of the commitment, and specify the act or duty to be performed, and the expenses to be paid.

In this connection we think it important to keep in view the distinction between an appeal, which would involve all the proceedings and in which the steps leading up to the final commitment would be set forth and presented for review, and a proceeding initiated by *habeas corpus* for the purpose of inquiring into the regularity of the commitment and which presents simply the question of its validity on its face. As held by INGRAHAM, J., in *Davison's Case* (13 Abb., 138, head-note), "if it appears on the return to a writ of *habeas corpus* that the prisoner is detained in custody for a contempt specially and plainly charged in the commitment by some court having authority to commit for the contempt charged, it is the duty of the officer conducting the proceedings forthwith to remand the prisoner into custody. In a commitment for contempt by a court of general jurisdiction all the preliminaries to warrant the imprisonment need not be set out. The proper remedy in cases of irregularities in proceedings by which a party had been adjudged guilty of contempt by a court of general jurisdiction is by motion in the court in which the judgment was rendered."

An examination of this commitment will show that such jurisdictional facts, as are required by the Code, are recited in the commitment; and we do not think the validity of the commitment is affected by the failure to recite the evidence or the preliminary steps which led up to the granting of the writ, one of which was the service of the order requiring him to do the acts for failure to do which he was punished as for a contempt.

We are of opinion, therefore, that the order should be reversed and the sheriff directed to retake the relator into his custody.

VAN BRUNT, P. J., and FOLLETT, J., concurred.

Order reversed and the sheriff directed to retake the relator into his custody.