(15 Misc. Rep. 364.)

PEOPLE ex rel. POND v. TAMSEN, Sheriff.

(Supreme Court, Special Term, New York County. December, 1895.)

1. CONTEMPT—WARRANT OF ATTACHMENT—NECESSARY RECITALS.
   A warrant of attachment issued against a person charged with contempt need not recite the contempt, or any of the proceedings on which the warrant rests; and the omission of such recitals, if a defect, is not jurisdictional; and the order punishing for contempt will not be disturbed in another court on habeas corpus.

2. SAME—JUDGMENT ENFORCEABLE BY EXECUTION.
   The objection that a judgment is enforceable by execution, and that disobeying its charge cannot, therefore, be punished as a contempt (Code Civ. Proc. § 14, subd. 3), should be addressed to the court in which the contempt proceeding was had, and cannot be raised on habeas corpus in another court.

Habeas corpus to procure the discharge of relator, who was committed for contempt of court.    Dismissed.

John Fennel, for relator.

John R. Abney and Jacob H. Shaffer, opposed.

BEEKMAN, J.   The court of common pleas had jurisdiction to issue the warrant of attachment under which the relator is held to answer for an alleged contempt.   The objection to the form of the attachment, that it does not recite the contempt, or any of the proceedings upon which the warrant rests, is untenable.   The relator, it must be assumed, for it is not denied, was served with a copy of the affidavit upon which the warrant was issued, and he was, therefore, sufficiently apprised of the nature of the charge made against him.   The cases cited by counsel for the relator are not applicable.   They relate to final commitments.   Seaman v. Duryea, 11 N. Y. 324;  Dunford v. Weaver, 84 N. Y. 452.   The warrant in question is merely process by which the relator is brought into court to answer a charge.   He is then fully apprised of the charge, and admitted to make a defense, if he has any.   Code Civ. Proc. § 2280.   There is nothing in the Code which requires any recitals in the warrant, nor is it understood to be the practice to insert them in such cases.   At best, it was not a jurisdictional defect;  and for that reason, if there were no other, the court will refuse to review the mandate of another court of general jurisdiction on habeas corpus.   Park v. Park, 80 N. Y. 156.

A further objection, made by the relator, is that the judgment he is accused of disobeying can be enforced by execution, and that, under subdivision 3 of section 14 of the Code, he cannot, therefore, be held to answer for a contempt.   This should be addressed to the court of common pleas.   The answer, however, is complete.   Code Civ. Proc. § 1241, subd. 4, provides that a person disobeying a judgment of the court which requires the payment of money into court, or to an officer of the court, except where it is due upon contract, express or implied, or as damages for nonperformance of a contract, may be punished for a contempt.   The case before me comes within the section, and is not one of the excepted cases.   Gildersleeve v. Lester, 68 Hun, 535, 22 N. Y. Supp. 1028;  affirmed 139 N. Y. 608, 35 N. E. 203.

The writ of habeas corpus is therefore dismissed, and the relator remanded to the custody of the sheriff.