(61 App. Div. 170.)

FLYNN v. UNION SURETY & GUARANTY CO.

(Supreme Court, Appellate Division, First Department.   May 10, 1901.)

JAIL-LIMIT BOND—ACTION—RECOVERY—AMOUNT.

 Code Civ. Proc. § 155, defines an escape as the going at large beyond the liberties, by a prisoner, without the consent of the party at whose instance he is in custody, and provides that such an escape forfeits the undertaking for the liberties, if any.   Section 158 fixes the liability of the sheriff for such escape where the prisoner is in custody under an execution against the person as the amount of the damages for which the prisoner was committed.   Section 160 provides that in an action on an undertaking for the jail liberties it is a defense that the prisoner voluntarily returned to the liberties of the jail before the commencement of the action.   A judgment having been obtained against F., he was arrested under an execution against the person, and thereupon gave bond for the jail limits.   He escaped from such limits, but voluntarily returned thereto the day following the commencement of an action against the surety on his bond.   *Held*, that the court properly directed a verdict for the plaintiff for the amount of the judgment against F., with interest and costs.

Appeal from trial term, New York county.

Action by John Flynn, as sole administrator of the estate of Rose Ferrigan, deceased, against the Union Surety & Guaranty Company.   From a judgment in favor of plaintiff and an order denying a motion for a new trial, defendant appeals.   Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, PATTERSON, and INGRAHAM, JJ.

Eliot Norton, for appellant.

Carlisle Norwood, for respondent.

HATCH, J.   There is practically no dispute as to the facts in this case.   A judgment for the plaintiff had been obtained against one Bernard J. Tinney for conversion, and the defendant was arrested under an execution against the person.   Tinney, as principal, and the defendant company herein as surety, gave a bond in the usual form for the jail limits.   Up to the 1st of September, 1900, Tinney appears to have stayed within the limits, but on that day he went to Liberty, N. Y., outside the jail limits, and was seen there on the 2d and 3d.   It appears that Tinney voluntarily returned and was within the limits on the 4th of September, and has been within them continuously ever since.   This action was commenced on the 3d day of September, and the summons was served when Tinney was 100 miles outside the limits.   At the close of the evidence the trial court directed a verdict in favor of the plaintiff for the amount of the judgment against Tinney, with interest and costs.   The appeal is from this judgment, and from an order denying a motion for a new trial upon the minutes of the court, and is based upon certain refusals of the court to dismiss the complaint upon motions made both at the beginning and close of the plaintiff's case, and upon the refusal

of the court to allow the case to go to the jury upon the request of defendant.

The questions embraced in the motion to dismiss made at the opening of the trial, and most of those presented by the one made at the close, particularly those relating to the form of the summons and the time and manner of its service, have been determined by this court adversely to the defendant upon an appeal herein and from an order made in a motion to set aside the service of the summons (54 App. Div. 637, 67 N. Y. Supp. 1133), and therefore they require no further consideration here. There was no opinion in that appeal, but the record discloses that the motion was based upon the same grounds. The only point presented upon this appeal requiring our consideration is the question of the amount of the recovery, and this is hardly debatable, although counsel for appellant brings a cloud of witnesses in the way of authorities from many states in support of his contention that the rule of law applicable to the case is that which limits or fixes the recovery to a sum which shall be compensatory of the actual damage suffered; and that the question is, therefore, one of fact, for the jury; and that, as it is shown that the prisoner for whose escape the action was brought was insolvent, no damage was suffered. Although counsel has exhausted the resources of digests and encyclopedias of law in his citations of authorities, he has failed, and clearly could but fail, to establish the applicability of the rule enunciated by such authorities to this case. The action is purely statutory, and both the liability and the amount of the recovery are fixed and determined by the statute. Section 155 of the Code of Civil Procedure defines an escape as follows: "The going at large beyond the liberties, by a prisoner, without the assent of the party at whose instance he is in custody, is an escape. * * * Such an escape forfeits the undertaking for the liberties, if any." Section 158 fixes the liability of the sheriff for such escape, in a case where the prisoner is in custody by virtue of an execution against the person, as the "amount of the debt, damages, or sum of money for which the prisoner was committed." These sections have been construed by the courts, and it has been decided that the liability of the sheriff for such an escape is the amount of the debt for which the prisoner was committed. Dunford v. Weaver, 84 N. Y. 445; Bensel v. Lynch, 44 N. Y. 162; Metcalf v. Stryker, 31 N. Y. 255. These cases also determine that the fact of the insolvency of the debtor is no defense. It is further provided by section 160 of the Code of Civil Procedure that in an action brought on an undertaking for the jail liberties it is a defense that the prisoner voluntarily returned to the liberties of the jail, or was recaptured by or surrendered to the sheriff, before the commencement of the action. The voluntary return of the prisoner in this case furnishes no defense, because the facts do not bring the case within this provision. The action was commenced while the prisoner was actually outside the liberties. It seems clear that under the provisions of the Code and the authorities cited the verdict was properly directed.

The judgment and order should therefore be affirmed, with costs. All concur.