(119 App. Div. 70) .

### KARFIOL v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department. April 26, 1907.)

1. APPEAL—RECORD—SUPPLYING OMISSION OF PROOF.

Where proof of plaintiff's ownership of premises damaged is not clear, the record of a deed conveying the premises to him may be received on the argument of the case on appeal, in order to sustain the judgment, where it is not claimed that the record can be answered or changed.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 2, Appeal and Error, § 2964.]

2. MUNICIPAL CORPORATIONS—TORTS — DEFECTIVE SEWERS — SUFFICIENCY OF SEWERS.

In an action for damages caused by the inadequacy of sewers, it is no defense that the injury was occasioned by the faulty connection between the damaged premises and the sewer and by the absence of proper check valves to prevent the backing of water from the sewers.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 36, Municipal Corporations, § 1783.]

Appeal from Special Term, Kings County.

Action by Benzion Karfiol against the city of New York. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, HOOKER, and GAYNOR, JJ.

James D. Bell, for appellant.

Wm. F. McNamara, for respondent.

HIRSCHBERG, P. J. The evidence in this case supports the finding of the learned trial justice that the property in question has been damaged during the period of six years prior to the commencement of the action by reason of the inadequacy of the sewers maintained by the defendant to carry off the waters occasioned by ordinary storms. The damages awarded are not excessive. The plaintiff's proof of ownership of the premises, however, was not very clear. On the argument of the appeal, the plaintiff produced and put in evidence a full-covenant warranty deed of the premises affected, recorded in the year 1896, conveying the premises to him. No objection was made to the reception of the deed, nor was any suggestion made that the record could be answered or changed. The record furnishes additional evidence, if such additional evidence is necessary in order to sustain the judgment. See Dunford v. Weaver, 84 N. Y. 445; Day v. Town of New Lots, 107 N. Y. 148, 13 N. E. 915; Dunham v. Townshend, 118 N. Y. 281, 23 N. E. 367.

The point raised by the appellant, that the injury was occasioned by the faulty connection between the plaintiff's premises and the sewer and by the absence of proper check valves to prevent the backing of water from the sewers, is disposed of by the decision of this court in the case of McCallister v. City of New York, 115 App. Div. —, 100 N. Y. Supp. 1127, where a similar question was raised and necessarily decided adversely to the appellant's contention.

The judgment should be affirmed.

Judgment affirmed, with costs. All concur.