LOUISE FIORINI, Plaintiff, *v.* FRANK FIORINI, Defendant.

Supreme Court, New York Special Term, January, 1924.

Contempt — motion to punish sheriff — sheriff may not neglect duty in execution of process awaiting approval of papers by his counsel — when delivery of order to sheriff deemed good — when sheriff liable for damage in addition to fine — Judiciary Law, § 773.

A sheriff may not neglect his duty in the execution of process in order to await the approval of the papers by his counsel, so long as they on their face are not void.

The defendant in a matrimonial action was permitted to purge his contempt in failing to pay alimony and counsel fee by paying the total of both, in arrears, and also a fine. Upon defendant again making default, an order was issued to the sheriff directing him to arrest said defendant and detain him until the money was paid. In the absence of the sheriff said order was delivered to and left with the chief clerk of the sheriff's office, who gave an admission of service in the sheriff's typewritten name, per his own initials, and by affidavit admitted the receipt of said order. *Held,* that there was a good delivery of said order to the sheriff and his neglect to execute the same solely to await the advice of counsel was a contempt of court for which under section 102 of the Civil Practice Act he was liable for the damage sustained by the plaintiff in addition to a fine under section 773 of the Judiciary Law.

MOTION to punish for contempt.

*Maurice J. Moore,* for sheriff.

*Francis P. Burns,* for plaintiff.

FABER, J. This is a motion to punish Peter P. Seery, sheriff of Kings county, for contempt of court for alleged neglect of duty.

The defendant in this action was adjudged guilty of contempt of court for his failure to pay alimony and counsel fee but was permitted to purge himself thereof by paying in installments the total of said alimony and counsel fee in arrears, and also a fine, amounting in all to $500. Defendant defaulted, whereupon an order was issued to the sheriff of Kings county directing him to arrest and detain defendant until same was paid.

It is admitted that such order was delivered for execution to

the chief clerk of the sheriff's office at one-ten P. M. on December 21, 1923, and this clerk was then informed that defendant would be at Special Term, Part III, of this court at one-thirty o'clock that afternoon, when the trial of this action would be resumed; that such clerk thereupon stated, as appears from his affidavit, " that the order would be examined and passed upon by the counsel for the sheriff and the sheriff would require that it be approved by said counsel before it would be executed by the sheriff's office, and that the counsel for the sheriff was out and would not be back until 2 o'clock." and " that deponent would endeavor to get in touch with him on the 'phone so that the order might be passed upon." Such affidavit states further: " The attorney for the plaintiff thereupon became very much excited and stated that it was an order of the Supreme Court and had to be executed at once and that he did not intend to wait for any counsel to pass upon the order. He stated that the defendant was in court attending a trial as a witness and said attorney for the plaintiff insisted that the defendant be arrested in the court house while attending the trial." The sheriff did not attempt to execute the order although the order was left with the said chief clerk. A sheriff may not neglect his duties in the execution of such process in order to await approval of the papers by his counsel so long as the papers on their face are not void. *Dunford* v. *Weaver*, 84 N. Y. 445, and other cases cited in 1 Bliss Code (6th ed.), 54.

The sheriff's counsel argues, in support of his opposition to this motion, that (1) no fees were tendered or paid, (2) that the defendant being a witness or party in actual attendance at court was immune from arrest, and (3) that the sheriff personally had not been served with any order in the matter. As to the fees, there is no suggestion that the plaintiff's attorney was not ready to pay them. Moreover, the neglect to execute the order was not on account of the non-payment of fees but solely to await the advice of counsel. As to the immunity of the defendant from arrest, such was a personal privilege available only to the defendant and not to the sheriff as an excuse for neglect. Civ. Prac. Act, § 841; Civil Rights Law, § 26. As to personal service of papers on the sheriff, there is an admission of service, in the sheriff's typewritten name, per the initials of his chief clerk aforesaid, who also by his affidavit admits receipt of the order to show cause. This is good delivery to the sheriff. Judiciary Law, § 758. And see *Dunford* v. *Weaver*, *supra;* Prison Law, § 369d.

It, therefore, seems to me that the sheriff has committed the contempt charged and is liable under section 102 of the Civil Practice Act for the damage sustained by the plaintiff, in addition to a

fine under section 773 of the Judiciary Law. That section provides that " If an actual loss or injury has been produced  *  *  * a fine, sufficient to indemnify the aggrieved party, must be imposed  *  *  *." But in this case it does not appear that the defendant may not still be within the jurisdiction and that plaintiff's rights against him are not still enforcible. Even if the sheriff had executed the order the plaintiff may not have succeeded in collecting from defendant the amount of the fine imposed upon him. Thus this case is not one where it is shown that an actual loss or injury has been produced, and under section 773, *supra*, the power of the court is limited to the imposition of a fine " not exceeding the amount of the complainant's costs and expenses, and two hundred and fifty dollars in addition thereto."

The papers before me do not show any expenses on this motion, and I think a fine of fifty dollars, plus ten dollars costs on this motion, would be just.

Motion granted. Fine fifty dollars. Order to be settled on three days' notice.

Ordered accordingly.